MARY SLEE CATERING CORP., APPELLANT, v. MAYOR AND COUNCIL OF THE BOROUGH OF PRINCETON, AND DIVISION OF ALCOHOLIC BEVERAGE CONTROL, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 17, 1954—Decided June 2, 1954.

Before Judges EASTWOOD, JAYNE and SMALLEY.

*Mr. John F. Lynch* argued the cause for appellant (*Mr. Edward J. O'Mara,* of counsel; *Mr. Louis Gerber,* attorney).

*Mr. Samuel B. Helfand,* Deputy Attorney-General, argued the cause for respondent Division of Alcoholic Beverage Control (*Mr. Grover C. Richman, Jr.,* Attorney-General of New Jersey).

*Mr. Edgar S. Smith,* attorney for respondent Mayor and Council of the Borough of Princeton (*Mr. Henry M. Stratton, II* and *Messrs. Smith, Stratton & Wise,* of counsel).

The opinion of the court was delivered by

JAYNE, J. A. D. The solitary legal problem presented to us for solution by the present appeal emerges from the odd circumstance that the premises of the Princeton Inn at Princeton, New Jersey, are situate partly within the boundaries of the Borough of Princeton and partly within the adjoining limits of the Township of Princeton. For a score

of years last past a retail plenary liquor consumption license has been issued to the corporate owner of the Inn.

The Mayor and Council of the Borough of Princeton issued a temporary plenary retail consumption license for the inn on December 8, 1933 and a permanent license on February 6, 1934, but thereafter, until the present licensing year, the applications have been addressed to and action taken thereon by the Committee of the Township of Princeton.

It was the circumstance that an officer of the corporate owner of the inn became a member of the township committee that the application for a renewal of the license for the present licensing year was presented to the Director of the Alcoholic Beverage Control in obedience to the directions of *R. S.* 33:1–20.

The governing bodies of both municipalities, the borough and the township, adopted resolutions consenting to the issuance of the renewal license and dispatched them to the state director. The director thereupon issued the renewal license applicable to the premises of the inn to be effective July 1, 1953 and disbursed $400 of the deposited license fee to the township and the remaining $200 of it to the borough in conformity with a mutual agreement between the governing bodies of those municipalities.

On July 31, 1953 the appellant, Mary Slee Catering Corp., a New Jersey corporation having its place of business in the Borough of Princeton, filed with the mayor and council of that borough an application for a plenary retail consumption license for the present licensing year for premises situate entirely within the territorial boundaries of the borough. The applicant complied with all the legal requirements associated with such an application. The application, however, sought the issuance of a *new* license.

The statute commonly known as the State Limitation Law, *L.* 1947, *c.* 94; *R. S.* 33:1–12.13 *et seq.*, forbids the issuance of any new plenary retail consumption license in a municipality "unless and until" the number of such licenses existing in the municipality is fewer than one for each 1,000 of its population. The Borough of Princeton has a population of 12,230,

and it has already issued 11 plenary retail consumption licenses.

The presentation of the appellant's application for a new and additional retail license introduced the rather perplexing question whether the license issued by the director to the Princeton Inn, the business premises of which are in part located in the borough, should be regarded as a license "existing in the municipality" within the intended import of *R. S.* 33 :1–12.14.

The mayor and council of the borough elicited an opinion on the subject from the Attorney-General and, responsive to its guidance, denied the appellant's application for the sole reason that in the existing circumstances the statute presently prohibits the issuance of any new and addtional retail license.

The action of the borough council came to the attention of the Director of Alcoholic Beverage Control on appeal and he, by formal conclusions and order, resolved that the license currently exercised by the Princeton Inn is a license existing in the borough within the meaning of the statutory limitation. There thus being 12 retail licenses existing in the borough, the appellant's application was necessarily denied. The propriety of his adjudication is the subject of our review.

At the inception of our study of the proceedings, we observe two factual circumstances of cogent and impressive significance. The governing officials of the borough adopted a resolution consenting, in effect approving the issuance of the license to premises known to be situate in part within the borough. They negotiated, agreed upon, and actually received for the borough a portion of the license fee. For what? Assuredly it was for the privilege of selling alcoholic beverages on that division of the licensee's premises situate within the borough.

True, *R. S.* 33 :1–16 declares that where a building and its associated land sought to be licensed is located in more than one municipality , it shall not be necessary to obtain more than one license of the same class for the building and its appurtenances. But the statute exhibits the contemplation in such instances that the municipalities shall agree upon a satisfac-

tory division of the one license fee, and in the absence of such agreement the Director of the Alcoholic Beverage Control shall determine the proportionate amount of the license fee to be paid to each of the municipalities.

True, also, the statute ordains that the application for the license in such circumstances "may be made in each of the municipalities having jurisdiction over any part of the building or premises."

We must appreciate that here we have a license granted by the director with the consent and approval of the governing bodies of the two municipalities pursuant to an agreement to divide in a fractional percentage the remunerative license fee.

We are of the opinion that the license granted by the director for use on the premises of the Princeton Inn has under the statutory provisions the equivalence and coequality of a license issued under the authority of *R. S.* 33:1–16, and hence is an existing license to vend alcoholic liquor in the borough. The statutory quota of such licenses available in the borough having been exhausted, the appellant's application was properly denied.

The order of the director is affirmed.